UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELLFOREST TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-1586 |
| | § | |
| U.S. BANK, NATIONAL ASSOCIATION, AS | § | |
| TRUSTEE FOR JP ALT 2006-S1, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Presently before the Court are Removing Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15)[1] and the Magistrate Judge's Memorandum and Recommendation (Doc. 30), recommending that Defendants' Motion be granted. Plaintiff timely filed objections to the Magistrate Judge's Memorandum and Recommendation (Doc. 31). Upon review of these documents, the facts, and the relevant law, the Court orders that Removing Defendants' Motion to Dismiss be granted and that all Plaintiff's claims against Removing Defendants be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**I.    Background and Parties' Arguments**

On April 27, 2017, Plaintiff Bellforest Trust initiated this suit in the 333rd District Court of Harris County, Texas, Cause No. 2017-28165, seeking to prevent foreclosure on the property located at 15714 Bellforest Court, Houston, Texas 77044 (referred to hereafter as "the Property"). Defendants U.S. Bank, National Association, as Trustee for JP Alt 2006-S1, Sun Trust Mortgage, Inc., and Mortgage Electronic Registration System, Inc. (referred to collectively hereafter as "Removing Defendants") removed the case to this Court on the basis of diversity.

---

[1] Removing Defendants' Motion to Dismiss Plaintiff's Original Petition (Doc. 8) was superseded by the filing of Plaintiff's First Amended Complaint and is MOOT.

Plaintiff filed a First Amended Complaint on July 14, 2017, alleging that the Deed of Trust was not properly transferred or assigned, that any such transfer or assignment is void, and that there was no proper identification of a "substitute trustee" for purposes of a foreclosure sale, and asserting claims for: (1) a declaratory judgment that the Removing Defendants lack standing to foreclose; (2) quiet title; (3) violation of § 12.002 of the Texas Civil Practice and Remedies Code; (4) negligence per se; (5) gross negligence; (6) fraud; and (7) violation of § 51.0076 of the Texas Property Code. In their Rule 12(b)(6) Motion to Dismiss, Removing Defendants argue that Plaintiff has failed to state any plausible claim against them given the facially valid assignment of the Deed of Trust by Mortgage Electronic Registration System, Inc. ("MERS"), acting as a nominee for Fairway Independent Mortgage Corp., to U.S. Bank National Association, as Trustee for JP Alt 2006-S1 on June 7, 2016. Removing Defendants also argue that Plaintiff cannot state a claim under any Texas statutory provision or under any negligence-based theory.

On January 4, 2018, the Magistrate Judge entered a Memorandum and Recommendation recommending that Removing Defendants' Motion to Dismiss be granted and Plaintiff's claims be dismissed. On January 18, 2018, Plaintiff filed timely objections to the Memorandum and Recommendation. Plaintiff argues that the Magistrate Judge erred in dismissing: the forgery allegations; the quiet title claim; the claim under Tex. Civ. Prac. & Rem. Code § 12.002; the negligence claims; the fraud claim; and the claim under Tex. Prop. Code § 51.0076.

## II. Standard of Review

Rulings by a magistrate judge on dispositive matters, such as the motion to dismiss at issue here, "are mere recommendations subject to de novo review when properly challenged by the losing party." *Davidson v. Georgia–Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) (citing 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). Accordingly, the Court will perform a *de novo* review of the Memorandum and Recommendation and consider each of Plaintiff's objections.

### III. Analysis

The majority of Plaintiff's claims are premised, in one way or another, on its allegations that MERS either could not, or did not, effectively assign the Deed of Trust on the Property to U.S. Bank. According to Plaintiff, the June 2016 assignment is a "fraud or forgery," is ineffective because it "fails to identify all of the real-parties-in-interest to the assignment," and "[a]ny attempt to transfer the beneficial interest of a Deed of Trust without actual ownership of the underlying Note is void under law." Doc. 13 at 9, 11. These types of arguments, based on standing and the validity of the assignment, have consistently been rejected by the Fifth Circuit, and are rejected in this case by this Court as well. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F. 3d 220, 225 (5th Cir. 2013).

Therefore, after a careful *de novo* review of the Memorandum and Recommendation, the Court concurs with the United States Magistrate Judge, who has correctly cited and applied the law to the facts here that are supported by the record. Accordingly, the Court hereby adopts the Memorandum and Recommendation as its own and incorporates it herein. Plaintiff's objections to the Memorandum and Recommendation are each addressed and overruled as follows:

#### A. Fraud and Forgery Claims

Plaintiff argues that the Magistrate Judge erred in dismissing its forgery allegations under the heightened pleading standard of Rule 9(b). Plaintiff argues that the heightened standard was misapplied because it only applies to claims that sound in fraud, and the allegations of forgery of the mortgage assignment do not sound in fraud. In the alternative, Plaintiff argues that if the

forgery allegations are subject to the heightened requirements of Rule 9(b), they meet those requirements.

The Fifth Circuit has applied the pleading requirements of Rule 9(b) to allegations of forgery of a mortgage assignment. *See, e.g., Kreway v. Countrywide Bank, FSB,* 647 F. App'x 437, 438 (5th Cir. 2016). Therefore, the Court finds that the Magistrate Judge correctly used the Rule 9(b) standard. Furthermore, upon review of the pleadings, the Court finds that Plaintiff did not meet the standard of specificity required by Rule 9(b). *See id.* (finding plaintiff did not plead sufficient facts to support his allegations of forgery). Accordingly, the fraud and forgery claims are subject to dismissal.

**B.     Quiet Title Claim**

Plaintiff argues that the Magistrate Judge erred in dismissing its quiet title claim because she stated that Plaintiff needed to establish the strength of its own title, rather than only pointing out the weakness in its adversary's title. Many courts have dismissed quiet title claims when the plaintiff fails to explain how it has superior title to the property at issue; the Magistrate Judge correctly stated and applied that precedent here. *See, e.g., Hurd v. BAC Home Loans Servicing, LP,* 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012). But even applying Plaintiff's interpretation of the law surrounding quiet title claims, its claim still fails.

A suit to quiet title "relies on the invalidity of the defendants claim to property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011). Such a suit exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex.1886)).

In order to prevail on a claim to quiet title, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex.App.—Houston [1st Dist.] Dec. 30, 2011). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The plaintiff must recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.—Corpus Christi 2001, no pet.).

Regarding Plaintiff's quiet title claim, the amended complaint alleges that Defendants were without any right whatsoever to claim any interest in the Property due to the fact that no Defendant is or ever was a real party in interest with standing to foreclose. Yet beyond these vague and conclusory allegations, Plaintiff has failed to plausibly allege that Defendants' claim is invalid or enforceable. The quiet title claim should be dismissed for failure to state a claim.

C. **Texas Civil Practice and Remedies Code § 12.002 Claim**

Plaintiff argues that the Magistrate Judge erred in dismissing its claim under Texas Civil Practice and Remedies Code § 12.002 on the basis that Plaintiff has not produced any plausible allegations that the assignment of the Deed of Trust was false or fraudulent. The elements of a violation of Tex. Civ. Prac. & Rem. Code § 12.002 are: "(1) the defendant made, presented, or used a document with knowledge that it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause plaintiff physical injury,

financial injury, or mental anguish." *Merrett v. Dow*, 331 S.W.3d 857, 860-61 (Tex. App.—Dallas 2011, pet. denied).

Aside from Plaintiff's bald assertions, there is no evidence to suggest that Defendants acted knowingly. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). This alone is grounds to dismiss Plaintiff's § 12.002 claim. *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 751 (5th Cir. 2014) (dismissing plaintiff's § 12.002 claim where plaintiff merely made bald assertions that defendants acted knowingly). Beyond this, Plaintiff has failed to plausibly allege that the lien created by the assignment of the Deed of Trust is false or fraudulent. This further supports a finding that Plaintiff's claims under § 12.002 should be dismissed. *See Howard v. JP Morgan Chase NA,* 2013 WL 1694659, at *13.

### D. Negligence claim

Plaintiff's negligence claims are based on its arguments that Defendants did not have standing to foreclose and the assignment of the Deed of Trust was not valid. Doc. 17 at 12. As discussed above, Plaintiff has not presented a plausible basis to support its contentions that Defendants do not have standing to foreclose and that the assignment of the Deed of Trust was invalid. Therefore, there is no plausible basis for any of Plaintiff's negligence-based claims and they are subject to dismissal.

### E. Texas Property Code § 51.0076 Claim

Plaintiff agrees that its claim under § 51.0076 is moot, but argues that it should not be dismissed because it falls under the exception to the mootness doctrine, available in instances where the challenged action is "capable of repetition, yet evading review." *Kingdomware*

*Technologies, Inc. v. U.S.*, 136 S. Ct. 1969, 1976 (2016). The Court finds that a notice of substitute trustee's sale does not fall into this exception. There is not a reasonable expectation that the same complaining party will be subject to the same action again. *See id.* Therefore, the § 51.0076 claim is moot and should be dismissed.

### F. Declaratory Judgment Claim

Plaintiff seeks a declaratory judgment that "a controversy exists whether [Removing Defendants] are the current valid holders or owners (or agents of the current valid assignee of the Deed of Trust) with standing to foreclose under Texas law." Doc. 13 at 12. Further, Plaintiff "seeks a declaration that none of the named defendants are the valid noteholder(s), note owner(s) or valid assignee(s) of the Deed of Trust under the terms of the Deed of Trust or under Texas Property Code section 52.001 *et seq.*, and, as a result, were not and are not the valid beneficiaries of the loan with the right to payment on the note or the power to foreclose on the Property." *Id.* Given Plaintiff's conclusory allegations as to the forgery of the assignment, it has not stated a plausible claim to declaratory relief. Therefore, Plaintiff's declaratory relief claim is subject to dismissal under Rule 12(b)(6).

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Removing Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15) be GRANTED and Plaintiff's claims against Removing Defendants all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

SIGNED at Houston, Texas, this 5th day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE